IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORA GATICA | § § § | |
| PLAINTIFF | § § | |
| VS. | § § | CIVIL ACTION NO. |
| COSTCO WHOLESALE CORPORATION and JOHN DOE | § § § § | **DEFENDANT'S NOTICE OF REMOVAL** |
| DEFENDANTS | § | |

## NOTICE OF REMOVAL

Defendant COSTCO WHOLESALE CORPORATION files this Notice of Removal pursuant to 28 USC § 1446(a).

## I.
## INTRODUCTION AND PROCEDURAL HISTORY

1. Plaintiff in the above styled cause of action is NORA GATICA.

2. COSTCO WHOLESALE CORPORATION is a named defendant in this litigation.

3. This personal injury suit arises out of a slip-and-fall incident that occurred on or about March 22, 2019 at Defendant's warehouse located at 23645 Katy Freeway, Katy, Texas 77449. Plaintiff alleges that she slipped and fell on a wet concrete surface within the warehouse, which allegedly resulted in severe bodily injuries. Plaintiff is now suing Defendant for negligence, premises liability and respondeat superior.

4. Plaintiff commenced suit on February 24, 2021. On March 2, 2021, Defendant first received notice of this suit via service of process. Defendant filed its

Original Answer in State Court on March 22, 2021. Thus, Defendant files this Notice of Removal within the thirty (30) days required under 28 U.S.C. § 1446(b).

## II.
## BASIS FOR REMOVAL

5. Removal of this matter to federal court is proper under 28 U.S.C. § 1332 because there exists complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332; *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553–54, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005).

**A.** ***There is complete diversity of citizenship between the Plaintiff and Defendant.***

6. Complete diversity of citizenship exists when all defendants are citizens of states different from all of the plaintiffs. *See Exxon Mobil Corp.*, 545 U.S. at 553. Corporate entities are citizens of the state in which they are incorporated and the state in which their principal places of business are located. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 920 (5th. Cir. 2001). Individuals are citizens of the state in which they are domiciled. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011). Residency in a state is prima facie evidence that an individual is domiciled there. *See id.*

7. Here, upon information and belief, Plaintiff resides and is domiciled in the State of Texas; and thus, a citizen of that state. In contrast, Defendant is not a citizen of Texas and is in fact a citizen of Washington, as this is its state of incorporation and its principal place of business is located in Issaquah, Washington. Accordingly, Defendant is not a citizen of Texas, but rather a citizen of Washington.

8.      Regarding the fictitiously named Defendant "John Doe" that Plaintiff has included in her original state petition, "John Doe's" citizenship is disregarded in accordance with 28 U.S.C. § 1441(b)(1)[1].

9.      Because Defendant is a citizen of Washington, and not Texas, there is complete diversity of citizenship between the Plaintiff and Defendant in this suit. *See* U.S.C. § 1332.

**B.    *The amount in controversy exceeds the jurisdictional minimum for this Court's diversity jurisdiction.***

9.      Removal is proper under this Court's diversity jurisdiction because the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.

10.     Plaintiff's Original Petition does provide a statement concerning the amount of monetary relief sought pursuant to Texas Rule of Civil Procedure 47(c). The stated amount of damages sought by Plaintiff is less than $250,000 and non-monetary relief. Defense Counsel corresponded with Plaintiff's counsel on March 18, 2021. Plaintiff's counsel affirmatively stated she could not stipulate that damages sought were under $75,000.

11.     Accordingly, based on statements from Plaintiff's counsel, the amount in controversy exceeds the $75,000 jurisdictional minimum necessary to invoke the Court's original diversity jurisdiction. *See* 28 U.S.C. § 1332.

12.     Copies of all pleadings, process, orders, and other filings in the state court suit are attached to this notice as required by 28 U.S.C. § 1446 (a).  *See* **Exhibit A**.

---

[1] "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

13. Venue is proper in this district and division under 28 U.S.C. § 1441 (a) because the state court where the suit had been pending is located in this district.

14. Defendant will promptly file with the Harris County District Clerk a copy of this Notice of Removal.

## III.
## STATUS OF STATE COURT ACTION BEING REMOVED

15. The action being removed is pending in the 157th Judicial District Court, Harris County, Texas, 210 Caroline, 9th Floor, Houston, Texas 77002, Hon. Tanya Garrison, Presiding.

## IV.
## STATUS OF REQUEST FOR TRIAL BY JURY

16. Plaintiff has requested a trial by jury in his Original Petition. Defendant additionally requests a jury trial.

## V.
## CONCLUSION

17. Removal of Plaintiff's suit is proper because the Defendant Costco Wholesale Corporation is a citizen of Washington with its principal place of business in Issaquah, Washington and the Plaintiff is a citizen of Texas. Defendant "John Doe" is a fictitious name, and his citizenship is disregarded accordingly. Thus, there is complete diversity of citizenship between Costco Wholesale Corporation and Plaintiff and the amount in controversy exceeds $75,000.

Z\2725\Pleadings\Notice of Removal (Federal Filing).

        Respectfully submitted,

By: */s/ David W. Medack*
    David W. Medack
    State Bar No. 13892950
    S.D. Tex. Bar No. 15597
    Heard & Medack, P.C.
    14100 Southwest Freeway, Suite 300
    Sugar Land, Texas 77478
    Telephone: (713) 772-6400
    Facsimile: (713) 772-6495
    Email: dmedack@heardmedackpc.com

**ATTORNEY IN CHARGE FOR DEFENDANT COSTCO WHOLESALE CORPORATION**

<u>Of Counsel:</u>
Zachary Z Robichaux
State Bar No. 24103302
S.D. Tex. Bar No. 3395606
Heard & Medack, P.C.
14100 Southwest Freeway, Suite 300
Sugar Land, Texas 77478
Telephone: (713) 772-6400
Facsimile: (713) 772-6495
Email: zrobichaux@heardmedackpc.com

**CERTIFICATE OF SERVICE**

  Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument to which this Certificate is attached has duly been served upon each party by facsimile, U.S. First Class Mail and/or using the ECF System for filing and transmittal of a Notice of Electronic Filing pursuant to the Federal Rules of Civil Procedure on this 23rd day of March, 2021.

  Katherine M. James
  State Bar No. 24091634
  John Hallman
  State Bar No. 24092474
  The James Law Firm
  1095 Evergreen Circle, Suite 537
  The Woodlands, Texas 77380
  (281) 962-8985 – Telephone
  (281) 962-5183 – Facsimile
  Email: kj@katherinejameslaw.com
  Email: jh@katherinejameslaw.com

            */s/ David W. Medack*
            David W. Medack

Z\2725\Pleadings\Notice of Removal
(Federal Filing).